# IN THE COURT OF APPEALS OF IOWA

No. 21-1148
Filed November 3, 2021

**IN THE INTEREST OF F.C.,**
**Minor Child,**

**M.C., Father,**
　　Appellant,

**M.K., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.

The mother and father of the minor child appeal from the order terminating their parental rights to the child. **AFFIRMED ON BOTH APPEALS.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant father.

Bryan Webber of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

William E. Sales, III of Sales Law Firm, P.C., Des Moines, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of the mother and father of this minor child, born in 2020.  Both parents appeal.  Following our de novo review, we affirm on both appeals.

**I.      Factual and Procedural Background**

The child tested positive for methamphetamine at birth, and the mother admitted methamphetamine use during her pregnancy.  As a result, the child was immediately removed from the mother's care and placed with the father.  A short time after the child was placed with him, the father tested positive for methamphetamine.  The child was removed from his care as well.  The child has not returned to either parent's care since the original removals.

The child was adjudicated in need of assistance shortly after removal from the mother.  As part of its reunification efforts, the Iowa Department of Human Services (DHS) required both parents to obtain substance-abuse evaluations, follow through with treatment, and submit to random drug testing.  After the parents failed to progress in the reunification efforts, the State initiated termination-of-parental-rights proceedings against the parents.

The mother failed to appear for the termination hearing.  She had an active warrant for her arrest, she had no known residence, and her whereabouts were unknown.  The father also had an outstanding warrant for his arrest issued by the state of Montana, but the father attended the termination hearing.

The evidence presented at the termination hearing established that the mother failed to submit to several requested drug screens, tested positive for illegal drugs when she did submit to testing, and was sporadic in engaging in treatment.

The father also consistently refused to submit to drug testing. When he did submit to testing, the test results were positive for illegal drugs. One of these positive tests occurred around five weeks before the termination hearing. He remained unaccountable for his substance-abuse problem, refusing to acknowledge he had one or to undergo treatment.

Both parents were offered supervised visitation with the child. Neither progressed to semi-supervised or unsupervised visits by the time of the termination hearing.

The juvenile court terminated the parental rights of both parents under Iowa Code section 232.116(1)(h) (2021). Both parents appeal.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). We give respectful consideration to the juvenile court's factual findings, especially as to witness credibility, but we are not bound by them. *Id.*

## III. Analysis

The State has the burden of proving by clear and convincing evidence that termination is proper. *Id.* To be clear and convincing, there must be "no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* (alteration in original) (quoting *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016)).

Under chapter 232, terminations of parental rights follows a three-step analysis. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). First, a ground for termination under section 232.116(1) must be established by clear and convincing

evidence. *Id.* Second, if a ground for termination is established, the court must determine whether termination is in the child's best interests according to the framework in section 232.116(2). *Id.* at 706–07. Third, if the best-interest framework supports termination, the court must consider the permissive exceptions in section 232.116(3) to determine whether one or more of the exceptions should preclude termination of parental rights. *Id.* at 707. We do not consider any steps a parent does not challenge. *In re W.S.*, No. 21-0264, 2021 WL 2453046, at *1 (Iowa Ct. App. June 16, 2021).

### A.      Statutory Grounds for Termination

Both parents challenge the juvenile court's findings that the State established a statutory ground for termination of their rights under Iowa Code section 232.116(1)(h). To establish this ground, four elements must be satisfied:

> (1)  The child is three years of age or younger.
> (2)  The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3)  The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4)  There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Both parents concede the first three elements. They challenge the fourth element.

Both parents failed to make anything more than conclusory statements in support of this challenge and failed to argue how the authority they cite warrants the remedy requested. As a result, we find this issue waived as to both parents. *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); .1401–Form 5 ("[S]tate what findings of fact

or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*"); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).

Furthermore, even if the father had preserved his challenge to the statutory ground for our review, his challenge would fail. Although he raises the statutory ground in one section of his petition on appeal, in a later section he concedes that due to his "unresolved substance abuse and mental health issues he cannot presently take custody of" the child. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (stating "at the present time" in Iowa Code section 232.116(1)(h)(4) means at the time of the termination hearing). By this concession, he admitted section 232.116(1)(h)(4) is satisfied as to him.

## B. Best Interests of the Child

Both parents have also waived their challenges to the juvenile court's determination that termination of parental rights was in the child's best interests. The father makes no substantive arguments in support of his challenge to the best-interests finding, other than to argue he should have been given additional time to work toward reunification and his bond with the child triggers a permissive exception. As these arguments implicate other issues, we decline to address them

under the best-interest step of the analysis, choosing instead to address them separately.

The mother also makes no substantive arguments in support of this challenge. Her argument consists of asserting she should have been given more time. As with the father, we deem this a waiver of the mother's best-interests-of-the-child argument, but we will address the request for additional time separately.

### C. Additional Time

Both parents insist they should have been given additional time to work toward reunification. *See* Iowa Code §§ 232.104(2)(b) (permitting a permanency option of granting an additional six months for parents to work toward reunification);.117(5) (permitting the court to consider other permanency options under section 232.104 if parental rights are not terminated but the child is still a child in need of assistance). For a parent to avoid termination in favor of granting additional time for reunification, "we must be able to 'enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period.'" *In re J.W.*, No. 21-0094, 2021 WL 3075758, at *2 (Iowa Ct. App. July 21, 2021) (quoting Iowa Code § 232.104(2)(b)).

As to the mother's challenge, we note that the child was removed from the mother due to the mother's admitted methamphetamine use, and the mother continued to have that issue through the termination hearing date. Furthermore, the mother has eight other children for whom she does not have custody. Her parental rights to three of those children were terminated around eighteen months

before the termination hearing in this case. Based on the mother's failure to make progress in this case, coupled with her history of being unable to make sufficient progress to stave off termination of her rights to other children, we cannot conclude that the need for the child's removal from the mother's home will no longer exist if the mother were given an additional six months to work toward reunification. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting we look to a "parent's past performance" because such performance suggests the type of future care the parent can provide (quoting *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000))).

We also reject the father's request for additional time. As noted, he dodged drug testing, and, when he did test, he tested positive for illegal drugs. He also failed to acknowledge his drug problem or engage in treatment. In short, the concerns present when the child was removed were still present at the time of the termination hearing with no progress having been shown. Accordingly, we agree with the juvenile court decision not to grant the father additional time.

### D.     Permissive Exception

The father asserts the exception to termination found in Iowa Code section 232.116(3)(c) should have precluded termination of his rights. That exception permits the court not to terminate parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). The exceptions in section 232.116(3) are permissive, not mandatory, so the court is not required to apply them even if they have been established. *A.S.*, 906 N.W.2d at 475. The parent resisting termination bears the burden of proof to establish an exception under section 232.116(3). *Id.* at 476.

The father contends the court should not have terminated his rights because of the bond he has with the child. While the father testified to the claimed bond, the social worker involved in the case testified to the contrary. We note that the child was only nine months old at the time of the termination hearing. The child has never been in the father's care, except for the period of around three weeks right after the child was born, which was before the DHS discovered the father was using methamphetamine and removed the child from his care. Since removal, the father's time with the child has been limited to supervised visits. Given the child's very young age and the limited contact the father has had with the child, we are not convinced of the existence of the strong bond claimed by the father. Furthermore, even if the father has a strong bond with the young child, the father has not met his burden to establish termination of his rights would be detrimental to the child given the father's ongoing substance-abuse issues and the child's successful integration into the child's foster home. *See* Iowa Code § 232.116(2)(b).

## IV. Conclusion

Finding the arguments of both parents unpersuasive on the issues properly raised, we affirm on both appeals.

**AFFIRMED ON BOTH APPEALS**.